# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| IDA SUE NUGENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-155 |
| | ) | (Phillips/Guyton) |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On April 10, 2009, the Honorable H. Bruce Guyton, United States Magistrate Judge, issued a Report and Recommendation ("R&R") [Doc. 13], in which he recommended that Plaintiff's Motion for Summary Judgment [Doc. 8] be granted insofar as it requests a remand under sentence six of 42 U.S.C. § 405(g) and denied as to all other issues, and that correspondingly the Commissioner's Motion for Summary Judgment [Doc. 11] be denied insofar as it opposes a sentence six remand and granted as to all other issues. The Commissioner objected on April 27, 2009 [Doc. 14], which plaintiff moved to dismiss as untimely [Doc. 15] yet nevertheless responded thereto [Doc. 16].

For reasons that will be explained below, the court accepts the Commissioner's objection as timely. As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the court has undertaken a *de novo* review of those portions of the R&R to which the Commissioner objects.

-1-

## I.

### A.

Plaintiff moves to dismiss the Commissioner's objection, filed on April 27, 2009, as untimely under the ten-day deadline imposed under Fed. R. Civ. P. 72(b)(2) and the rules for computing time under Fed. R. Civ. P. 6(a). [Doc. 15]. As the Commissioner points out in response [Doc. 18], however, its objection was subject to an additional three-day extension under Rule 6(d) because service of the R&R was made under the court's electronic filing system under Rule 5(b)(2)(E). Accordingly, per Rules 6(a) and 6(d), the ten-day deadline imposed by Rule 72(b)(2) required objections to be filed on or before April 27, 2009. Accordingly, the Commissioner's objection was timely filed, and plaintiff's Motion to Dismiss Objection of Defendant [Doc. 15] is **DENIED**.

### B.

Having filed a timely objection to the R&R, the court considers *de novo* those portions of the R&R to which the defendant objects. Fed. R. Civ. P. 72(b)(3). The Commissioner specifically objects to Judge Guyton's recommendation that the case be remanded under sentence six of 42 U.S.C. § 405(g) to consider plaintiff's newly submitted evidence of an in-patient stay at Peninsula, a mental health services provider.

Under a sentence six remand, "[t]he court may ... order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ...." 42 U.S.C. § 405(g). The Commissioner concedes that the evidence is new but disputes that it is material and that there is good cause for the failure to incorporate it into the record.

"[E]vidence is 'material' if there is a reasonable probability that the ALJ would have reached a different decision had the additional evidence been presented." *Templeton v. Comm'r of Soc. Sec.*, 215 F. App'x 458, 463 (6th Cir. 2007). A mere possibility that the ALJ would reach a different decision does not suffice under this standard. The weight to be accorded the evidence can affect its materiality. *See Hensley v. Comm'r of Soc. Sec.*, 214 F. App'x 547, 551 (6th Cir. 2007) (finding "no reasonable probability that the ALJ would have decided the case differently" had he considered new evidence because the evidence "would have been accorded little if any weight even if the ALJ had considered it").

The court finds that the newly introduced evidence is not material. The new evidence suggested for consideration upon remand consists of four pages of forms apparently marking plaintiff's medical progress while at Peninsula. While each of these includes a new Global Assessment of Functioning ("GAF") score, the remainder simply contains scant notes as to various observations—for example, that the plaintiff "still feels suicidal – can be safe here – thinking of alternative ways to kill herself – would not be safe if @ home," as well as observations of various physical ailments such as "cyst on brain" and "frequent migraine headaches." [Doc. 8-6]. The latter conditions were already considered by the ALJ. [Tr. at 19-22]. Furthermore, the ALJ's decision clearly reflects his consideration of plaintiff's depression and anxiety, but he rejected a number of plaintiff's contentions as uncredible. [Tr. at 19, 22]. The court does not find that it is reasonably probable that evidence that plaintiff had suicidal thoughts would lead the ALJ to reach a different decision, given his well-supported findings that her credibility as to her depression and anxiety was to be questioned. In any event, this evidence consists of mere observations with little to no evidentiary support or explanation.

Case 3:08-cv-00155-TWP-HBG   Document 19   Filed 05/11/09   Page 3 of 5   PageID #: 100

With regard to the new GAF scores, the ALJ would not be required to give them significant weight. At least one of the opinions was by a nurse practitioner rather than by an "acceptable medical source." 20 C.F.R. § 404.1513(d)(1) (nurse practitioners are considered "other sources" rather than "acceptable medical sources"); 20 C.F.R. § 404.1502 ("treating sources," which may be accorded controlling weight under 20 C.F.R. § 404.15.27(d)(2), include "your own physician, psychologist, or other acceptable medical source" who has treated you). Moreover, the opinions were not rendered by sources with whom plaintiff had a long-term relationship, which would lead the ALJ to accord it less weight, 20 C.F.R. § 404.1527(d)(2)(i), and very little, if any, evidence was given to explain the opinions of the differing GAF scores, *id.* § 404.1527(d)(3). Finally, as the GAF scale "does not have a direct correlation to the severity requirements in [the agency's] mental disorders listings," 65 Fed. Reg. 50746-01, it is not reasonably probable that a changed GAF score would alter the ALJ's decision, especially given his assessment that plaintiff was less than credible in evaluating the severity of her depression and anxiety. In short, the court finds that the new evidence presented simply would not be accorded much weight by the ALJ under 20 C.F.R. § 1527(d), and therefore there is not a reasonable probability that it would alter his decision.

The evidence not being material, the court need not consider whether plaintiff has demonstrated good cause for failing to present the evidence before the ALJ. Accordingly, the objection of the Commissioner is sustained.

## II.

In accordance with the above analysis, the R&R is accepted with regard to Judge Guyton's thorough analysis of whether the ALJ's decision was supported by substantial evidence. The court does not find, however, that remand under sentence six is warranted because the new evidence

-4-

presented by plaintiff is not material under 42 U.S.C. § 405(g). Accordingly, plaintiff's Motion for Summary Judgment [Doc. 8] is **DENIED** and the Commissioner's Motion for Summary Judgment [Doc. 11] is **GRANTED**.

  **IT IS SO ORDERED**.

            **ENTER:**

             s/ Thomas W. Phillips
             United States District Judge